UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 22-CR-10031-AK |
| ) | |
| FREDDY REYES CONCEPCION, ) | |
|   a/k/a "Frachye Gonzalez Irizarry," ) | |
|     Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

**KELLEY, D.J.**

WHEREAS, on February 3, 2022, a federal grand jury sitting in the District of Massachusetts returned a fifteen-count Indictment charging Freddy Reyes Concepcion, a/k/a "Frachye Gonzalez Irizarry" (the "Defendant") with Conspiracy to Distribute and to Possess with Intent to Distribute 400 Grams or More of Fentanyl, Five Kilograms or More of Cocaine, and Other Controlled Substances, in violation of 18 U.S.C. § 846 (Count One); Possession with Intent to Distribute 500 Grams or More of Cocaine; Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); 18 U.S.C. § 2 (Count Seven); and Unlawful Reentry of Deported Alien, in violation of 8 U.S.C. § 1326 (Count Fifteen);[1]

WHEREAS, the Indictment also included a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Seven and Nine through Thirteen of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such

---

[1] The Defendant was not charged in the remaining Counts of the Indictment.

offenses;

WHEREAS, the property to be forfeited included, but was not limited to, the following asset:

(a)     $101,275 in United States currency, seized from 50 Tewksbury Street, First Floor, Lawrence, Massachusetts, on or about December 8, 2021 (the "Currency");[2]

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

WHEREAS, on February 20, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One, Seven, and Fifteen of the Indictment;

WHEREAS, during the Rule 11 hearing, the United States gave a recitation of the facts, referenced the Currency being forfeited, and how the Currency being forfeited constituted, or was derived from, any proceeds obtained, directly or indirectly, as a result of such offenses;

WHEREAS, the Defendant did not object to the forfeiture, and therefore, the Defendant consented to the forfeiture of all of his interests in the Currency;

---

[2] Several additional properties were named as forfeitable in the Drug Forfeiture Allegation; however, those properties are associated with co-defendants in this case, and the United States does not seek to forfeit them from the Defendant in this action.

WHEREAS, in light of the Defendant's guilty plea, the United States has established the requisite nexus between the Currency and the offenses to which the Defendant pled guilty, and accordingly, the Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853; and

WHEREAS, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Currency and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of the Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition, pursuant to 21 U.S.C. § 853.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Currency and maintain it in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Currency.

6.       Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Currency to be forfeited.

7.       Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Currency, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

8.       Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Currency.

9.       Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Angel Kelley
**ANGEL KELLEY**
United States District Judge

Dated: 8/28/2024